**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JERRY EARL LAWS, JR.,                                                                  PLAINTIFF
ADC #176147

V.                                            4:20CV01162-LPR-JTK

P. BENTLEY, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.    If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Jerry Laws is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action while confined at the Saline County Detention Center (Jail) (Doc. No. 2). This Court granted Plaintiff's Motion to Proceed in forma pauperis on November 24, 2020, and directed him to submit an Amended Complaint, noting that he failed to include any specific allegations of improper conduct by any of the Defendants (Doc. No. 10). Plaintiff has not responded to the Court's Order.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his Original Complaint, Plaintiff alleged improper conditions of confinement and named two individuals, the Jail, and unknown Does as Defendants. (Doc. No. 2) In the November 24, 2020 Order, the Court noted that Plaintiff failed to include specific allegations of unconstitutional conduct by any of the named Defendants, and that the Jail cannot be sued in this § 1983 action. (Doc. No. 10, p. 3)   The Court then directed Plaintiff to submit an Amended Complaint, which would render his Original Complaint without legal effect, and which should: "**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and**

**direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places."** (Id., p. 4)

Initially, the Court notes that Plaintiff's allegations against Defendants in their official capacities should be dismissed. A suit against a county official in his or her official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).   In addition, Defendants cannot be liable for money damages in their official capacities because Plaintiff did not allege a valid claim against their employer, Saline County. Johnson v. Blaukat, 453 F.3d 1008, 1114, (8th Cir. 2006). Absent such allegations in this case, the Court finds Plaintiff's allegations against Defendants in their official capacities should be dismissed, for failure to state a claim upon which relief may be granted.

Plaintiff's allegations against Defendants in their individual capacities also should be dismissed. To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Plaintiff stated he was incarcerated as a convicted/sentenced individual (Doc. No. 2, p. 4); therefore, the Court will analyze his claims under the Eighth Amendment.

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)).    To support an Eighth Amendment violation against Defendants, Plaintiff must allege and prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by them in condoning or creating the conditions. <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." <u>Revels v. Vincenz</u>, 382 F.3d 870, 875 (8th Cir. 2004) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. at 342, and <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1977)).    "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-9 (1991) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." <u>Smith v. Coughlin</u>, 748 F.2d 783, 787 (2d Cir. 1984) (quoting <u>Jackson v. Meachum</u>, 699 F.2d 578, 581 (1st Cir. 1983)).

Plaintiff alleged the following: inoperable air conditioner; faulty showers, sinks and hair clippers; no yard call; and no paperwork to verify his COVID-19 positive test. None of these constitute a deprivation of the minimal civilized measure of life's necessities, or constitute more than "discomfort." In addition, Plaintiff did not allege any conduct by the Defendants that would support a deliberate indifference claim.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 4th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.